# BUDD LARNER

A PROFESSIONAL CORPORATION
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, N.J. 07078
**DIRECT DIAL (973) 315-4538**
E-mail: lweinstein@buddlarner.com

November 13, 2015

**Filed Via ECF**
Honorable Douglas E. Arpert, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

      Re:    *Sucampo AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al.*
               Civil Action No. 3:14-cv-07114 (MAS)(DEA)

Dear Judge Arpert:

      We represent the Dr. Reddy's defendants ("DRL"). We seek your Honor's help because, while Plaintiffs identified "plain meaning" as their proposed construction for each disputed claim term, they steadfastly refuse to explain their understanding of what "the plain meaning" is. Pursuant to the Court's Letter Order of November 2, 2015 [D.I. 42], this letter presents DRL's position why Plaintiffs should be ordered to disclose the "plain meaning" that Plaintiffs ascribe to each disputed term. In accord with Local Patent Rule 4.2(c), which allows two weeks to disclose rebuttal claim construction evidence, we also ask that DRL be allowed to identify rebuttal evidence two weeks after Plaintiffs disclose their proposed constructions.[1]

      Local Patent Rule 4.2 sets out a procedure under which the parties are required to disclose proposed constructions [4.2(a)], supporting evidence [4.2(b)] and rebuttal evidence [4.2(c)]. When followed, the Rules allow disputed terms to be presented to the Court in an orderly fashion for construction. Contrary to the letter and the purpose of the Rules, Plaintiffs merely recite "plain meaning" as their proposed construction for all disputed terms.

      Plaintiffs' naked assertion of "plain meaning" prejudices DRL because it does not reveal Plaintiffs' position as to the scope of the disputed terms. DRL is instead left to guess whether the "plain meaning" of the disputed terms to Plaintiffs is the same as their "plain meaning" to DRL. DRL is also prejudiced because DRL is not able to properly identify relevant rebuttal evidence. Moreover, Plaintiffs' ploy prevents the Court from engaging in meaningful claim construction. *See* Judge Sue Robinson's Patent Case Scheduling Order at p.4 n.6 ("Resorting to 'plain and ordinary' meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.") (Exhibit A). Plaintiffs should stop hiding the ball and disclose their understanding of the "plain meaning" of each disputed term.

---

[1] This dispute was first raised in letters to Your Honor dated October 8 and 9 and it was discussed at the October 16 Settlement Conference. Claim construction dates were adjourned pending resolution. *See* D.I. 42.

Honorable Douglas E. Arpert, U.S.M.J.
November 13, 2015
Page 2

The potential prejudice addressed in this letter is not just theoretical. In response to our letter of October 2 (Exhibit B), Plaintiffs have confirmed to DRL "that none of DRL's proposed claim constructions . . . comports with the plain and ordinary meaning as understood by a person of ordinary skill in the art in view of the claim language itself, the specification and the prosecution history." 10/7/2015 e-mail from Yousef Mian (Exhibit C).[2] Yet, Plaintiffs have refused to explain how their "plain meanings" differ from DRL's proposed construction. Thus, DRL has no way to identify the parties' actual dispute or to address it in DRL's opening Markman brief.

Plaintiffs assert that "plain meaning" is a proper construction. However, the case law demonstrates that "plain meaning" is a principle of claim construction, not a construction in and of itself. Simply put, "plain meaning" is an expression that embodies the basic rule that, absent disavowal or lexicography, claim terms are to be given their ordinary and customary meaning to a person of skill in the art:

> The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). There are only two exceptions to this general rule: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of a claim term either in the specification or during prosecution. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1580 (Fed. Cir. 1996)."

*Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

Consistent with DRL's position that "plain meaning" is not a construction, the Federal Circuit stated in its *Phillips* decision that, in many cases, "determining the ordinary and customary meaning of the claim requires examination of terms that have a particular meaning in a field of art." *Phillips v. AWH Corp.*, 415 F. 3d 1303, 1314 (Fed. Cir. 2005) (*en banc*). If "plain meaning" was indeed a construction, as Plaintiffs erroneously maintain, "determining" the ordinary and customary meaning of disputed claim terms would never be necessary because "plain meaning" would always be sufficient.

In any event, Plaintiffs' reliance on *Thorner* in their October 9 letter to Your Honor is misplaced. *Thorner* actually supports DRL's position. In *Thorner*, the party proposing plain meaning did not conceal its position, as Plaintiffs do here. To the contrary, the party asserting plain meaning for the claim term "attached" argued that "the plain and ordinary meaning includes affixing an item to either an exterior or an interior surface." *Id.* at 1367. The opposing

---

[2] A chart showing the disputed terms and the Parties' proposed constructions is attached as Exhibit D.

Honorable Douglas E. Arpert, U.S.M.J.
November 13, 2015
Page 3

party argued that "attached" was narrowly limited to only an exterior surface. The Federal Circuit did hold that the term should be given its "plain and ordinary meaning". However, it did not hold that "plain and ordinary meaning" was the proper construction in and of itself. Rather, the Federal Circuit said "that the term 'attached to said pad' should be given its plain and ordinary meaning <u>which encompasses either internal or external attachment</u>." *Id.* at 1368 (emphasis added).

Plaintiffs' reliance on *Depomed, Inc. v. Actavis Elizabeth LLC*, 2014 U.S. Dist. LEXIS 10190 (D.N.J. Jan. 28, 2014) is also misplaced. *Depomed* does not counsel that "plain meaning" is a proper construction of a disputed term. Rather, *Depomed* stands for the proposition that claim scope should not be improperly expanded or contracted beyond the plain meaning when that meaning is clear to a person of skill in the art. For example, the parties in *Depomed* disputed the meaning of "dispersed in a single polymer matrix." While Defendants maintained that "the plain and ordinary meaning should apply," they also argued "that under the plain and ordinary meaning of this term there is 'one and only one drug-containing matrix in the claimed dosage form.'" *Depomed*, 2014 U.S. Dist. Lexis 10190 at *28-29. The court accepted this construction as the "plain meaning." *Id.* ("in accordance with the position of Defendants, the plain and ordinary meaning of the term 'dispersed in a single polymer matrix,' <u>as described above</u>, shall apply.") (emphasis added). In stark contrast here, Plaintiffs have refused to provide their alleged "plain meaning" of any disputed term.

Plaintiffs' position that "plain meaning" is a proper construction ignores the Federal Circuit's decision in *O2 Micro Int'l Ltd. v. Beyond Innovation Tech Co.,* 521 F.3d 1351 (Fed. Cir. 2008). In *O2 Micro*, "the parties agreed that the term 'only if' has a common meaning, but then proceeded to dispute the scope of that claim term . . . ." *Id.* at 1361. Because the parties disagreed about the common meaning of "only if," the Federal Circuit chastised the District Court for refusing to construe this term before sending the case to the jury. The Federal Circuit explained, "[a] determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *Id.* The Court's reasoning in *O2 Micro* applies with equal force here, where Plaintiffs contend that DRL's proposed constructions do not comport with the "plain meaning" of the disputed terms.

Based on our communications with Plaintiffs, DRL expects Plaintiffs to rely on *Finjan, Inc. v. Secure Computing Corp.,* 626 F.3d 1197 (Fed. Cir. 2010). In *Finjan*, the defendant argued to the district court that the term "addressed to a client" should be narrowly construed to require a particular Internet Protocol address. *Finjan*, 626 F.3d at 1206. The patentee argued that the term should be given its "'ordinary meaning within the context of the claims.'" *Id.* The Federal Circuit did state that "[t]he district court construed the term 'addressed to a client' as having 'its plain and ordinary meaning'. . . ." *Id.* But in the same sentence, the Federal Circuit went on to state that the district court "also observed that 'the defendant's proposed construction would unjustifiably narrow the term's broad scope, which was not explicitly limited or redefined by the specification.'"). *Id.* In other words, the Federal Circuit recognized that the district court had resolved the dispute by holding that the term should be given its plain and ordinary meaning,

Honorable Douglas E. Arpert, U.S.M.J.
November 13, 2015
Page 4

and that under the plain and ordinary meaning, "addressed to a client" was not limited to the Internet Protocol address.  Thus, *Finjan* does not support that plain meaning is a construction.  Rather, like *Depomed*, the *Finjan* case stands for the proposition that a court should not construe a claim term to depart from its plain meaning to a person of ordinary skill in the art unless there is a good reason to do so.

Based on the foregoing, it is clear that, while "plain meaning" is an important guidepost on the path to claim construction, "plain meaning" is not a construction standing alone.

Accordingly, DRL respectfully asks Your Honor to Order Plaintiffs to disclose the "plain meaning" that they assign to each disputed term.  Because DRL has never had an opportunity to respond to Plaintiffs' proposed constructions in any meaningful fashion, DRL further asks that it be allowed at least two weeks to designate rebuttal evidence following the disclosure of Plaintiffs' proposed constructions.

                                                         Respectfully submitted,

                                                         *s/Louis H. Weinstein*
                                                         Counsel for Defendants

Attachments
cc: Counsel for Plaintiffs via ECF and e-mail

1068218