# BUDD LARNER

A PROFESSIONAL CORPORATION
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, N.J. 07078
**DIRECT DIAL (973) 315-4538**
E-mail: lweinstein@buddlarner.com

November 30, 2015

**Via ECF and Federal Express**
Honorable Douglas E. Arpert, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

    Re:    *Sucampo AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al.*
             Civil Action No. 3:14-cv-07114 (MAS)(DEA)

Dear Judge Arpert:

      We represent the Dr. Reddy's defendants ("DRL") and reply to Plaintiffs' Letter of November 23, 2015 [D.I. 44]. The issue boils down to whether Plaintiffs can conceal their proposed constructions behind a noncommittal assertion of "plain meaning," or, as required by the Local Patent Rules, Plaintiffs must actually disclose to DRL what Plaintiffs contend the claims to mean. In their Letter of November 23, Plaintiffs have now doubled down on their unsound position that a bare assertion of "plain meaning" is a valid construction. On the other hand, DRL correctly maintains that although "plain meaning" is a basic principle that courts use when construing claims, "plain meaning" is not a construction in and of itself.

      As expected, Plaintiffs rely on *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010) and *Depomed, Inc. v. Actavis Elizabeth LLC,* C.A. No. 12-1358 (JAP) (TJP), 2014 U.S. Dist. LEXIS 10190 (D.N.J. Jan 28, 2014). According to Plaintiffs, these cases support their erroneous argument that "plain and ordinary meaning" is an appropriate and sufficient construction "that does not require any further articulation." November 23 Letter at 2-3. But *Finjan* and *Depomed* don't say or stand for that. Rather, as conceded by Plaintiffs, "[t]he key finding in both *Finjan* and *Depomed* is that the opposing party's construction was ***not*** the 'plain meaning' as understood by a skilled artisan in view of the pertinent evidence." November 23 Letter at 4 (emphasis in original). Here, because Plaintiffs refuse to tell DRL what they consider the "plain meaning" of the disputed terms to be, DRL cannot even begin to assess if its opposing parties' construction is or is not the "plain meaning."

      Plaintiffs take issue with DRL's argument that *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) makes it clear that even if a claim is to be construed according to its plain and ordinary meaning, the plain and ordinary meaning still has to be determined. According to Plaintiffs, nothing in *Phillips*, or the cases which follow it, suggests that "'plain meaning' . . . requires further articulation or sub-construction." November 23 Letter at 5.

Plaintiffs are wrong. *Phillips* is squarely focused on the proper process and evidence to be used by courts to determine the plain and ordinary meaning of disputed terms:

> [T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art at the time of the invention. . . . *Phillips*, 415 F.3d at 1326;
>
> The inquiry into how a person of ordinary skill in the art understands a claim term provides an objective baseline from which to begin claim construction. *Id.*;
>
> In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood terms. *Id.* at 1327;
>
> In many cases giving rise to litigation, however, determining the ordinary and customary meaning of the claim requires examination of terms that have a particular meaning in a field of art. *Id.*
>
> Because the meaning of a claim term as understood by persons of skill in the art is often not immediately apparent, and because patentees frequently use terms idiosyncratically, the court looks to 'those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean.' *Id.* (citation omitted).
>
> The underlying goal of our decision in *Vitronics* was to increase the likelihood that a court will comprehend how a person of ordinary skill in the art would understand the claim terms. *Id.* at 1324.

Manifestly, the determination of how a person of ordinary skill would understand the plain and ordinary meaning of a disputed term is central to *Phillips*. As stated at p. 2 of DRL's November 13 Letter, if "plain meaning" was a construction, it would never be necessary for courts to determine the "plain meaning" of disputed terms, a finding of "plain meaning" would always be sufficient. *Phillips* makes it abundantly clear that determining the plain and ordinary meaning of disputed terms is at the foundation of the claim construction process.

A recent Federal Circuit decision corroborates that "plain meaning" is not a construction. In *Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*, No. 2015-1212, slip op. (Fed. Cir. Nov. 25,

Honorable Douglas E. Arpert, U.S.M.J.
November 30, 2015
Page 3


2015) the Federal Circuit spent the bulk of its discussion explaining why the disputed term, "is connected to the computer network," could only be accorded its "plain meaning." *Id.*, slip op. at 7-12 (*e.g.*, "The plain meaning of the claim language is therefore not overridden by the specification.") Nevertheless, even though the "plain meaning" applied, the Federal Circuit proceeded to state the proper construction for the disputed term, holding as follows: "For the foregoing reasons, 'is connected to the computer network' . . . can only reasonably be understood to mean 'is connected to the computer network <u>at the time that the query is transmitted to the server</u>.'" *Id* at 13 (emphasis added). Thus, *Straight Path* confirms that, although "plain meaning" is a bedrock principle of claim construction, the Federal Circuit does not consider "plain meaning" to be a proper construction for a disputed term.

      Plaintiffs, who assert that none of DRL's proposed constructions comport with the "plain meaning," concede that the parties do dispute the construction of the identified terms. Tellingly, however, Plaintiffs say they "anticipate" that "any disputes over the proper construction and the application of 'plain and ordinary meaning' will be fully addressed by the parties in their *Markman* briefs." November 23 Letter at 5. This revealing statement confirms DRL's suspicion that Plaintiffs are purposefully putting DRL into the unfair and untenable position that DRL will be forced to file its opening *Markman* brief without knowing Plaintiffs' position on the disputed terms. How, we ask, is DRL supposed to address Plaintiffs' constructions in DRL's opening *Markman* brief if Plaintiffs will not tell DRL what they contend the "plain meaning" to be. DRL is further prejudiced because, without a meaningful disclosure of Plaintiffs' constructions, DRL is unfairly prevented from designating rebuttal claim construction evidence.

      Plaintiffs cite to three cases where certain parties listed "plain and ordinary meaning" or "no construction necessary" as proposed constructions in Joint Claim Construction and Prehearing Statements. November 23 Letter at 2-3. But the acquiescence of the opposing parties in those cases to such non-constructions is of no moment here. In the instant case, DRL immediately objected to Plaintiffs' October 1 non-disclosure of their proposed constructions (Exhibit 1, October 2 Letter to Preston Ratliff). On October 7, Plaintiffs refused to provide further disclosure regarding their proposed constructions, while at the same time confirming the existence of a claim construction dispute (Exhibit 2, October 7 e-mail from Yousef Mian). On October 8, prior to the L.Pat.Rule 4.2(c) deadline for designating rebuttal evidence, DRL promptly applied to Your Honor for relief (Exhibit 3, October 8 Letter to Judge Arpert). Tomorrow is December and Plaintiffs still refuse to disclose what they contend the "plain meaning" to be.

      DRL's position is simple. Litigation is not to be conducted by surprise or ambush. Plaintiffs should not be allowed to gain an unfair advantage by hiding behind a "plain meaning" smokescreen -- a purposeful obfuscation that reveals nothing whatsoever as to Plaintiffs' true contentions regarding the scope of the claims.

Honorable Douglas E. Arpert, U.S.M.J.
November 30, 2015
Page 4


   Accordingly, DRL respectfully asks that Plaintiffs be ordered to disclose their proposed constructions for each disputed term.  DRL also asks that it be given at least two weeks following such disclosure to designate rebuttal evidence.


               Respectfully submitted,
               BUDD LARNER, P.C.

               *s/Louis H. Weinstein*
               Counsel for Defendants
               Dr. Reddy's Laboratories, Inc.
               Dr. Reddy's Laboratories, Ltd.


Attachments
cc: Counsel for Plaintiffs via ECF and e-mail

1069210

# BUDD LARNER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

Direct Dial (973) 315-4538
lweinstein@buddlarner.com

October 2, 2015

**VIA E-Mail**
Preston K. Ratliff II, Esq.
Paul Hastings, LLP
75 East 55th Street
New York, NY 10022

      Re:    *Sucampo AG, et al. v. Dr. Reddy's Laboratories, Inc., et al.*
              Civil Action No. 14-7114 (MAS)(DEA)

Dear Preston:

      Plaintiffs' October 1 Disclosures under Local Patent Rule 4.2(a) recite "plain meaning" as Plaintiffs' proposed construction for all but one of the disputed claim terms.

      Disclosures under Local Patent Rule 4.2(c) are due October 15. So that the parties can move forward in narrowing the claim construction issues to be presented to the Court, for each term where Plaintiffs asserted a construction of "plain meaning," please tell us by October 7 whether Plaintiffs agree that the subject matter covered by DRL's proposed construction is included within the so called "plain meaning" asserted by Plaintiffs for that term.

      To illustrate what we are asking, for the term "patient" in the claims of U.S. 8,071,613, please tell us whether Plaintiffs agree that the "plain meaning" of "patient" includes "a human or animal patient."

      For each term where you cannot agree that DRL's proposed construction is included within the so-called "plain meaning," please tell us by October 7 what Plainitffs contend the "plain meaning" is.

                                Very truly yours,

                                s/ *Louis H. Weinstein*
                                  Louis H. Weinstein

LHW/mit

1063686

**From:** Mian, Yousef [mailto:yousefmian@paulhastings.com]
**Sent:** Wednesday, October 07, 2015 11:04 AM
**To:** Louis Weinstein; Ratliff, Preston K.; 'Moses, David L.'; Madge Thomas
**Cc:** Amitiza Patent Litigation; Csepes, Peter; 'William F. Cavanaugh, Jr. (wfcavanaugh@pbwt.com)'; 'Chad J. Peterman (cjpeterman@pbwt.com)'; 'Fair, Aileen M. (x2286)'; Lizza, Charles M.; Baton, William C.; Sullivan, Sarah A.; Lucia, Jamie L.; Andrew Miller
**Subject:** RE: Sucampo AG, et al. v. Dr. Reddy's Laboratories, Inc., et al., Civil Action No. 14-7114


Lou,

We received DRL's October 2 letter inquiring about Plaintiffs' proposed claim constructions.  DRL demands a response within five days even though, after sending five e-mails over more than three weeks, Plaintiffs have yet to receive an answer from DRL to their simple question whether DRL can stipulate to the prior claim construction of the term "medium chain fatty acid."  If DRL is serious about the parties moving forward and "narrowing the claim construction issues to be presented to the Court," please answer the question asked in our Sept. 18 e-mail, and again in our Sept. 24, Sept. 28, and Oct. 1 e-mails without further delay.  And if DRL is unwilling to so stipulate, explain why.

Further, we cannot understand the vague requests in your October 2 letter.  For example, we do not understand what you mean by asking whether Plaintiffs' proposed constructions are "included" in "the subject matter covered by DRL's proposed construction."  To the extent you are asking Plaintiffs to interpret what DRL's proposed claim constructions mean or what they "cover," Plaintiffs cannot do so, when DRL has not provided any such explanation.

To the extent we can understand your vague letter, Plaintiffs confirm that none of DRL's proposed claim constructions in DRL's October 1 Local Patent Rule 4.2(a)/(b) Disclosures comports with the plain and ordinary meaning as understood by a person of ordinary skill in the art in view of the claim language itself, the specification and the prosecution history.  *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313-16 (Fed. Cir. 2005) (*en banc*).  The intrinsic and extrinsic evidence cited by Plaintiffs in their October 1 Local Patent Rule 4.2(a)/(b) Disclosures, including the structure of the asserted claims themselves, demonstrate why DRL's proposed claim constructions are incorrect.

Very truly yours,

Yousef

**BUDD LARNER**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, N.J. 07078
973-379-4800
TELECOPIER 973-379-7734
www.buddlarner.com
**DIRECT DIAL (973) 315-4538**
E-mail: lweinstein@budd-larner.com

October 8, 2015

<u>Via e-mail</u> (<u>dea_orders@njd.uscourts.gov</u>)
Honorable Douglas E. Arpert, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

      Re:    *Sucampo AG, et al. v. Dr. Reddy's Laboratories, Ltd., et al.*
              Civil Action No. 3:14-cv-07114 (MAS)(DEA)

Dear Judge Arpert:

      We represent the Dr. Reddy's defendants ("DRL") in the above-captioned Hatch-Waxman action. We write to ask Your Honor to direct Plaintiffs to provide constructions for disputed claim terms identified under the Local Patent Rules. DRL also asks to be allowed to identify rebuttal claim construction evidence two weeks after Plaintiffs identify their constructions. Relief is needed because Plaintiffs' assertion of "plain meaning" as their proposed construction for all the disputed terms prejudices DRL. Plaintiffs' ploy also prevents the Court from engaging in meaningful claim construction. *See* Judge Sue Robinson's Patent Case Scheduling Order at p.4 n.6 ("Resorting to 'plain and ordinary' meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.")[1] DRL is writing now because Plaintiffs have not yet told DRL when they will be available to meet and confer, and the date for the exchange of rebuttal claim construction evidence is October 15, one week from today. The background to the present dispute is as follows.

      On September 10, 2015, the parties exchanged Local Patent Rule 4.2(a) lists of claim terms for construction by the Court. DRL contended that the seven patents in suit contained ten terms that needed construction. Plaintiffs identified one term.

      On October 1, 2015, pursuant to Local Patent Rule 4.2(b), the parties were to "simultaneously exchange preliminary proposed constructions for each term identified by any party for claim construction." As required by the Rule, DRL provided a proposed construction for each identified term. On the other hand, Plaintiffs only provided a proposed construction for the one term identified by Plaintiffs. For all the other disputed terms, Plaintiffs merely recited

---

[1] Judge Robinson's Patent Scheduling Order is accessible online at
http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Forms/Sched-Order-Patent2-05-15.pdf

Honorable Douglas E. Arpert, U.S.M.J
October 8, 2015
Page 2

"plain meaning" as their proposed construction. A chart showing the disputed terms and the proposed constructions of DRL and Plaintiffs is attached as Exhibit A.

To try and reach a compromise, DRL wrote to plaintiffs the next day. A copy of DRL's October 2, 2015 letter is attached as Exhibit B. For each term where Plaintiffs asserted a construction of "plain meaning," DRL asked "whether Plaintiffs agree that the subject matter covered by DRL's proposed construction is included within the so called 'plain meaning' asserted by Plaintiffs for that term." To illustrate what DRL was asking, DRL used the term "patient" as an example, and DRL asked whether Plaintiffs agreed that the "plain meaning" of "patient" included "a human or animal patient." For each claim term where Plaintiffs could not agree that DRL's proposed construction was within the so called "plain meaning," DRL asked Plaintiffs to tell DRL by October 7 what Plaintiffs contended the plain meaning to be.

On October 7, Plaintiffs responded that they "could not understand" DRL's "vague" letter. Plaintiffs further stated that "none of DRL's proposed claim constructions . . . comports with the plain and ordinary meaning" of the disputed claim terms, but failed to disclose their position on the "plain meaning" of any disputed term. Immediately thereafter, DRL advised Plaintiffs that that it did not believe that Plaintiffs' response complied with Local Patent Rule 4.2(a), and requested an immediate meet and confer so that DRL could bring this dispute to Your Honor as soon as possible. As of today, however, Plaintiffs have not responded. Because the date for the exchange of rebuttal claim construction evidence is October 15, DRL is seeking the Court's assistance now.

DRL is entitled to know what "plain meaning" Plaintiffs ascribe to each of the disputed claim terms so that it can determine whether there is actually a dispute between the parties that requires construction by the Court and so that DRL can identify the relevant rebuttal evidence should a dispute actually exist. Plaintiffs' strategic assertion of "plain meaning" at this stage does not allow DRL to accomplish either of these goals and unfairly "kicks" the identification of Plaintiffs' claim construction positions "down the road" into the expert phase of this case, contrary to the requirements of the Local Patent Rules. Accordingly, DRL respectfully asks the Court to direct Plaintiffs to disclose their alleged "plain meaning" for each disputed claim term now. Because Local Patent Rule 4.2(c) allows two weeks for an opposing party to identify rebuttal claim construction evidence following the disclosure of an opposing party's proposed constructions, DRL also asks that it be allowed to identify rebuttal claim construction evidence two weeks after Plaintiffs disclose their proposed constructions.

               Respectfully submitted,
               *s/ Louis H. Weinstein*
               Louis H. Weinstein
               Attorney for Dr. Reddy's Laboratories, Ltd. and
               Dr. Reddy's Laboratories, Inc.

cc: Counsel via e-mail