UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2144
Fax: (609) 989-0451

CHAMBERS OF
**DOUGLAS E. ARPERT**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER  U.S. COURTHOUSE
402 E. STATE STREET, ROOM 6000
TRENTON, NJ 08608

March 4, 2016

William C. Baton, Esquire
Saul Ewing, L.L.P.
One Riverfront Plaza
Newark, NJ 07102

Louis Harry Weinstein, Esquire
Budd  Larner, P.C.
150 John F. Kennedy Parkway
CN 1000
Short Hills, NJ 07078

<u>LETTER ORDER</u>

RE: <u>Sucampo, AG, et al. v. Dr. Reddy's Laboratories, Inc., et al.</u>
Civil Action No.  14-7114 (MAS)

Counsel,

This matter is currently before the Court on Defendant's informal application to compel Plaintiffs to provide constructions for disputed claim terms identified by the parties under the Local Patent Rules and to allow Defendants additional time to identify rebuttal claim construction evidence after Plaintiffs clarify their proposed constructions.  *See* Defendants' letter to the Court dated October 8, 2015.  Defendants have identified 8 claim terms which they contend require construction, and have advanced proposed constructions for each term.  However, as to each of the terms identified by Defendants,  Plaintiffs have simply offered   "plain meaning" as their proposed construction. Further, Plaintiffs refuse to acknowledge whether Defendants' proposed construction of these terms is within the "plain meaning" asserted by Plaintiffs. *Id.*  Defendants contend that Plaintiffs' assertion of  "plain meaning" as their proposed construction of all disputed terms prejudices Defendants and "prevents the Court from engaging in meaningful claim construction."  *Id.*

Plaintiffs responded to Defendants' application in a letter dated October 9, 2015. Initially, Plaintiffs maintain that Defendants "jumped the gun" by raising the issue presented "without conducting a bona fide, good faith meet and confer."  *Id.*  Substantively, Plaintiffs argue

–1–

that "plain and ordinary meaning" is on its face, a clear and valid construction.

Pursuant to the existing Scheduling Order, the date for the exchange of rebuttal claim construction evidence was October 15, 2015.  Following a conference with the Court on October 26, 2015, the parties confirmed that despite recent efforts the issue discussed herein remained unresolved. Additional submissions were received from Plaintiffs on November 23, 2015  and from Defendants on November 13 and 30, 2015.   Initially, consideration of Defendant's application was deferred by the Court as the parties were engaged in preliminary settlement discussions.  However, during a status conference on February 24, 2016, counsel advised the Court of parties' desire to move this action forward.                          .

As noted, Plaintiffs have countered Defendants' proposed construction of each of the disputed claim terms with the simple offer, "plain meaning."  Doing so, without a statement  of what Plaintiffs contend the "plain meaning" to be and without acknowledging whether Defendants' proposed construction is within the scope of Plaintiffs' "plain meaning" is unhelpful to the process and has the potential to unnecessarily burden the Court's construction efforts.  Indeed, as one commentator has noted, because "[d]isputes frequently arise as to what one of skill in the art would use as the ordinary or plain meaning", when a "local rule requires a party to provide its contentions relating to claim constructions it is generally improper for a party to state generally that the ordinary meanings of the claim terms should govern and then refuse to set forth what it contends are those ordinary meanings."  Robert A. Matthews, Jr., 1 Annotated Patent Digest § 4:5 ("Advocating for ordinary meaning does not excuse a party from stating what it contends is that meaning")(collecting cases).

Here, requiring Plaintiffs to either agree that Defendants' proposed construction is within its so called "plain meaning" imposes virtually no burden on Plaintiffs.  Accordingly, Plaintiffs must do so within ten (10) days of the date hereof.   Additionally, to the extent that Plaintiffs indicate that Defendants' proposed construction does not comport with the "plain meaning", Plaintiffs shall provide with their response a statement as to what Plaintiffs contend the "plain meaning" of each term to be.[1]   Thereafter, Defendants, shall have fourteen (14) days from the disclosure of Plaintiffs' proposed construction to identify any rebuttal claim construction evidence.

So Ordered,


*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge


DEA:rjh

------

[1]Nothing in this Order is intended to preclude Plaintiffs from advancing the argument in its *Markman* brief that the "plain meaning" of any term should control and that, consequently, no construction of that term is necessary.  However, to assist the District Judge in resolving claim construction issues, Plaintiff shall be required to specify what it contends the plain meaning to be.